# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DISTRICT

| | |
|---|---|
| CHRISTOPHER FEARON, <br><br> Plaintiff, <br><br> v. <br><br> G. O'NEAL, *et al.*, <br><br> Defendants. | Case No. EDCV 18-00399 PA (AFM) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On February 26, 2018, plaintiff, who presently is detained at the Central Detention Center in San Bernardino, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 4.) The Complaint names as defendants Detective G. O'Neal, identified as a "police officer"; Michael A. Ramos, identified as "District Attorney"; the San Bernardino Police Department; and the County of San Bernardino. (ECF No. 1 at 3-4.) Plaintiff names each defendant only in his or her official capacity. (*Id.* at 3-5.)

Plaintiff's claims arise from plaintiff's arrest on January 15, 2014, and his subsequent detention. (*Id*. at 3-5.) The Complaint purports to raise one claim for "discrimination," "false arrest," "false imprisonment," and state law theories. (*Id*. at 5.) Plaintiff seeks monetary damages. (*Id*. at 6.)

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518

F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give

defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review, the Court finds that the Complaint fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, plaintiff's allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of

4

**A.** **Claims challenging a conviction**

The Complaint seeks only damages, and plaintiff alleges that he was falsely arrested, falsely imprisoned, and prosecuted for a crime that he "did not commit." (ECF No. 1 at 3, 5-6.) Plaintiff also alleges that he has been in custody "ever since" his arrest on January 15, 2014. (*Id.* at 5.) However, it is not clear from the Complaint whether or not plaintiff has been convicted of any charges that resulted from his arrest on January 15, 2014, or the reason for plaintiff's continued detention.

To the extent that plaintiff is alleging that he is being detained on criminal charges for which he has been convicted (or for which conviction may be pending), a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Thus, plaintiff may not use a civil rights action to challenge the validity or duration of a conviction or incarceration. Such relief only is available in a habeas corpus action. In addition, to the extent that plaintiff is attempting to use a civil rights action to seek monetary damages for an allegedly unlawful conviction where success would necessarily implicate the fact or duration of his conviction, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*,

---

that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action *necessarily* will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.*; *see also Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983."). Accordingly, "*Heck* prohibits the use of § 1983 to attack the validity of a conviction, because a recovery in the damages action would necessarily imply that the conviction was wrongfully obtained." *Furnace v. Giurbino*, 838 F.3d 1019, 1027 (9th Cir. 2016).

Here, it is not clear from the Complaint whether plaintiff is alleging that he was wrongfully convicted of any crime, or whether any conviction arose from the arrest alleged in the Complaint. To the extent that plaintiff's civil rights claims will necessarily imply that his conviction or sentence is invalid, plaintiff must raise such claims in a petition for writ of habeas corpus and not in a civil rights action.

**B. <u>Claims against the San Bernardino Police Department and its police officers in their official capacities</u>**

The Complaint purports to name defendant O'Neal in his or her official capacity. (ECF No. 1 at 3.) The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, the claims against defendant Detective O'Neal are the same as alleging claims against that officer's employer. Plaintiff also names the San Bernardino Police Department as a defendant. If defendant O'Neal is employed by this Police Department, then plaintiff's claims against defendant O'Neal in his or her official capacity are the same as plaintiff's claims against the San Bernardino Police Department because an "official-capacity suit is, in all respects other than name, to

be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

To raise a federal civil rights claim against a local government entity such as the San Bernardino Police Department or the County of San Bernardino (which is also named as a defendant (ECF No. 1 at 4)), the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the Complaint fails to set forth any factual allegations that a specific policy or custom promulgated by any local government entity was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against a local government entity arising from an improper custom or policy may not be premised on an isolated incident such as plaintiff's allegations in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint fails to set forth any factual allegations concerning any practice or custom that he

alleges was a "traditional method of carrying out policy" that caused an alleged constitutional violation.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that any employee of the County of San Bernardino or the San Bernardino Police Department (in his or her official capacity) is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

**C.  Rule 8**

Plaintiff's Complaint violates Rule 8 and fails to state a plausible claim against any named defendant. The Complaint alleges only that plaintiff was arrested on January 15, 2014, after being "approached by Det. G. O'Neal." Plaintiff does not allege which officer arrested him, the reason or legal grounds for his arrest, the reason for his continued detention, or whether he remains subject to prosecution on the charges for which he was arrested. (ECF No. 1 at 5.)

Initially, plaintiff purports to allege one claim, but he references seven different legal theories in that claim, and the Complaint fails to specify which defendant plaintiff alleges is liable under which legal theory. Because plaintiff references what appears to be multiple claims within one paragraph in one "claim," and because he fails to link any of the multiple legal theories that he references in that paragraph to any of the factual allegations in the Complaint or to any of the named defendants, plaintiff's Complaint fails to set forth a minimum factual or legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. For example, plaintiff references "discrimination" (ECF No. 1 at 5), but he fails to link this theory to any factual allegations or to any defendant.

Because plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel

8

or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to set forth a simple and direct statement of the factual or legal basis of any claim that is sufficient to allow each defendant to discern what he or she is being sued for.

In addition, to the extent that plaintiff is purporting to raise a federal civil rights claim against defendant Ramos, plaintiff alleges that Ramos is a "District Attorney." (ECF No. 1 at 3.) Accordingly, it appears that defendant Ramos is entitled to absolute immunity for claims for damages arising from plaintiff's allegation that he was prosecuted for a crime that he did not commit. Prosecutors are entitled to absolute immunity from damages liability when they engage in activities "intimately associated with the judicial phase of the criminal process," such as the prosecution and presentation of the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976); *see also Buckwalter v. Nevada Bd. of Med. Examiners*, 678 F.3d 737, 740 (9th Cir. 2012) (as amended) ("The paradigmatic functions giving rise to absolute immunity are those of judges and prosecutors."). This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *See Imbler*, 424 U.S. at 427. However, it is the nature of the function performed, not the role or identity of the actor that determines the scope of absolute immunity. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has

emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"). Here, plaintiff only alleges that he was prosecuted for a crime that he "did not commit." (ECF No. 1 at 3.) Accordingly, District Attorney Ramos is entitled to absolute immunity for a decision to initiate or present a criminal prosecution against plaintiff. *See, e.g., Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) ("prosecutors have absolute immunity under § 1983 for a decision to initiate a criminal prosecution").

Further, plaintiff purports to state a claim against unspecified defendants for "false arrest" and he alleges that he was arrested for a crime that he "didn't commit." (ECF No. 1 at 3, 5.) Plaintiff's Complaint, however, fails to set forth any factual allegations that a specific defendant took any specific action, participated in another's action, or omitted to perform an action that he or she was legally obligated to take that *caused* a constitutional deprivation. To the extent that plaintiff intends to raise any federal civil rights claims against any named defendant, plaintiff should set forth a short and plain statement of each such claim showing that each defendant took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff must allege that each defendant

"through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

Additionally, to the extent that plaintiff is purporting to allege a federal claim for malicious prosecution against any defendant, an element of such a federal civil rights claim is the "termination of the . . . proceeding in favor of the accused." *Manuel v. City of Joliet*, 137 S. Ct. 911, 921 (2017) (alteration in original, citing *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007)). Because plaintiff's Complaint violates Rule 8, it is not clear to the Court if plaintiff is purporting to allege that a specific defendant prosecuted him "with malice and without probable cause" and that they did so for the purpose of depriving him of a "another specific constitutional right." *Yagman*, 852 F.3d at 867 (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)). If plaintiff wishes to state a claim pursuant to § 1983 for malicious prosecution, then plaintiff should set forth a short and plain statement of such claim alleging that: (1) a particular defendant initiated a criminal prosecution against him; (2) a defendant did so "with malice and without probable cause"; and (3) a defendant did so "for the purpose of denying [him] equal protection or another specific constitutional right." *See Awabdy*, 368 F.3d at 1066 (alteration in original). Finally, in order to state a claim for malicious prosecution, plaintiff first must show that the underlying proceedings were "terminated in such a manner as to indicate his innocence." *Awabdy*, 368 F.3d at 1068. Here, plaintiff appears that he may be in custody on the charges for which he was arrested, and accordingly, it does not appear that the proceedings have been terminated in his favor. It that is the case, then plaintiff may not state a federal civil rights claim for malicious prosecution until criminal charges have been terminated in his favor.

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted because it fails to set forth a simple, concise, and direct statement of the factual and

legal basis of each of plaintiff's claims.  *See Johnson*, 135 S. Ct. at 347.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.**  The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 5/8/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE